Filed 08/06/24          Case 22-02108                                    Doc 72

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                    ) Case No. 22-20327-B-7
                                          )
ALMA ANGELINA CHAVEZ-NUNEZ,               ) Adversary No. 22-2108
                                          )
                                          )
          Debtor(s).                      )
_____        )
                                          )
KIMBERLY HUSTED, in her                   )
capacity as trustee for the               )
bankruptcy estate of Alma                 )
Angelina Chavez-Nunez,                    )
                                          )
                                          )
          Plaintiff(s),                   )
                                          )
v.                                        )
                                          )
ALMA ANGELINA CHAVEZ-NUNEZ,               )
                                          )
                                          )
          Defendant(s).                   )
_____        )

**MEMORANDUM DECISION AFTER TRIAL**

I.

**Introduction**

Trial in this matter was held on April 29, 2024. The court heard testimony from plaintiff Kimberly Husted in her capacity as the trustee appointed in the parent chapter 7 case, defendant/chapter 7 debtor Alma Angelina Chavez-Nunez, and defendant's son Victor Nunez. At the parties' request, the court allowed written closing arguments.

The court has reviewed and takes judicial notice of the docket in this adversary proceeding, the docket in the parent chapter 7 case, and the claims register in the parent chapter 7 case. See Fed. R. Evid. 201(c)(1). The court has also reviewed

and considered the parties' pretrial briefs, trial testimony and exhibits, and the parties' written closing arguments. The court issues this memorandum decision as its findings of fact and conclusions of law. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052.

## II.

### Jurisdiction and Venue

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O). Venue is proper under 28 U.S.C. §§ 1408, 1409.

## III.

### Analysis and Discussion

Trial proceeded on the following five claims for relief alleged in the complaint:

(1) prepetition transfers of property of the debtor by the debtor to her adult children within one year before the petition was filed with the intent to hinder, delay, or defraud creditors or an officer of the estate charged with possession of estate property under 11 U.S.C. § 727(a)(2)(A) in the First Claim for Relief;

(2) postpetition transfers of property of the estate by the debtor to her adult children with the intent to hinder, delay, or defraud creditors or an officer of the estate charged with possession of estate property under 11 U.S.C. § 727(a)(2)(B) in the Second Claim for Relief;

(3) unjustified concealment, destruction, mutilation, falsification, or failed preservation of recorded information from which the debtor's financial condition or business transactions could be considered under 11 U.S.C. § 727(a)(3) in the Third Claim for Relief;

(4) knowingly and fraudulently making a false oath in

or in connection with the bankruptcy case under 11 U.S.C. § 727(a)(4)(A) regarding transfers by defendant to her adult children in the Fourth Claim for Relief; and

**(5)** knowingly and fraudulently withholding recorded information relating to the debtor's property or financial affairs from an officer of the estate entitled to possession of such records under 11 U.S.C. § 727(a)(4)(D) in the Fifth Claim for Relief.

A.　<u>The First, Second, and Fourth Claims for Relief</u>

Common to the First, Second, and Fourth Claims for Relief is that they all concern transfers defendant made to her adult children from defendant's business and personal accounts. Plaintiff's accountant (*i.e.*, the accountant employed in the parent chapter 7 case) analyzed these transfers. Trustee's Closing Brief, Docket 62, at 4:26-27 ("[T]he picture of the Debtor and her businesses' financial disposition has only been derived by extensive third-party discovery and the analysis of the estate's accountant."); <u>see also</u> Trial Transcript, Docket 63, at 21:1-5, 31:3-7, 59:10-25. However, the account was not present during trial and did not testify. Trial Tr. at 61:9-17. Without the accountant's testimony about defendant's transfers, plaintiff is unable to establish or substantiate any aspect of the §§ 727(a)(2)(A), 727(a)(2)(B), or 727(a)(4)(A) claims in the First, Second, and Fourth Claims for Relief- the transfers that form the basis of these claims in particular.[1]

---

[1] Plaintiff's testimony about these transfers based on what the accountant told plaintiff about the transfers makes plaintiff's testimony hearsay and inadmissible. <u>See</u> Fed. R. Evid. 802. Plaintiff acknowledged that her testimony about defendant's transfers to Victor Nunez, defendant's son, was based on what the accountant told her about the transfers. Trial Tr. at 59:10-25, 61:9-15. Plaintiff also testified that the accountant was the better person to testify about transfers

- 3 -

1　　　　The absence of the accountant's testimony also means that
2　the only admissible evidence regarding the purpose of defendant's
3　transfers is defendant's testimony that she gave her adult
4　children money from her personal and business accounts for
5　education and business-related purposes.  Id. at 12:13-18, 13:21-
6　14:2, 15:2-9, 41:16-43:21.  Because that testimony provides a
7　legitimate explanation for the transfers, the court will not
8　infer that defendant made the transfers with a fraudulent intent.
9　See Emmett Valley Assocs. v. Woodfield (In re Woodfield), 978
10　F.2d 516, 518 (9th Cir. 1992).  Without the inference, and
11　without any other admissible evidence to support any fraudulent
12　intent associated with the transfer-based claims in the First,
13　Second, and Fourth Claims for Relief, on this separate and
14　independent basis, plaintiff has not met the burden necessary to
15　deny defendant a discharge under §§ 727(a)(2)(A), 727(a)(2)(B),
16　or 727(a)(4)(A).  Judgment will therefore be entered for
17　defendant and against plaintiff on the First, Second, and Fourth
18　Claims for Relief.
19　　　B.　　The Third Claim for Relief
20　　　　The Ninth Circuit has stated that a debtor cannot escape
21　denial of a discharge under § 727(a)(3) by merely asserting that
22　business records do not exist and there is some duty to create
23　records to accurately document business affairs.  Caneva v. Sun
24　Cmtys. Operating Ltd. P'ship (In re Caneva), 550 F.3d 755, 762
25　(9th Cir. 2008).  At the same time, the Ninth Circuit has also

---

between defendant's business and personal bank accounts.  Id. at
59:10-25.

1　stated that when a debtor produces all the records it has the
2　party objecting to the debtor's discharge under § 727(a)(3) must
3　produce evidence to demonstrate why the records produced are
4　inadequate. <u>Olympic Coast Inv. v. Wright (In re Wright)</u>, 364
5　B.R. 51, 69 (Bankr. D. Mont. 2007), <u>aff'd</u>, 2008 WL 160828(D.
6　Mont. Jan. 15, 2008), <u>aff'd</u>, 340 Fed. Appx. 422 (9th Cir. 2009).
7　　　Defendant gave plaintiff *some* financial records. Trial Tr.
8　at 22:21-24, 23:20-22. Missing, however, is admissible evidence
9　as to how or why the records defendant gave plaintiff were
10　inadequate. More precisely, there was no testimony from the
11　accountant, as the individual who reviewed and analyzed the
12　records defendant gave plaintiff, explaining why the records
13　defendant gave plaintiff were insufficient or inadequate. As a
14　result, plaintiff has not satisfied her burden under § 727(a)(3).
15　Judgment on the Third Claim for Relief will therefore be entered
16　for defendant and against plaintiff.
17　　　C.　<u>The Fifth Claim for Relief</u>
18　　　Defendant operated several businesses under the umbrella of
19　Tahoe Maintenance, Inc. Trial Tr. at 26:25-27:3, 34:3-5.
20　　　Defendant initially told plaintiff that she managed her
21　business with Quickbooks but when plaintiff obtained a copy of
22　defendant's Quickbooks, defendant told plaintiff she used an
23　Excel ledger to manage her business. <u>Id.</u> at 25:19-23; <u>see also</u>
24　16:7-10, 23:3-5. Whereas Quickbooks apparently was used solely
25　as an invoicing program and is now used postpetition, <u>id.</u> at
26　26:1-2, 34:3-10, the Excel ledger was used for prepetition
27　business management and for preparation of defendant's taxes.
28　<u>Id.</u> at 16:8-10, 23:3-8, 34:3-10. Although plaintiff made

"multiple" requests for the Excel ledger, defendant never gave it to plaintiff. Id. at 26:3-9. When defendant was asked if she ever gave the Excel ledger to plaintiff, defendant offered no explanation and testified only that she did not recall. Id. at 34:11-13.

Plaintiff also repeatedly asked defendant for documents regarding defendant's dispute with the IRS. Id. at 21:13-22:3; 27:21-28:1. These documents concerned defendant's income and expenses and defendant's federal tax liability to the IRS of nearly $7,000,000.00. Id. at 22:3-9; see also Claim No. 4-1. As with the Excel ledger, these documents were never produced. Id. at 21:13-22:3; 27:21-28:13. Defendant offered no testimony explaining her failure to give these documents to plaintiff.

The Excel ledger and the IRS documents are records that concern defendant's financial affairs. Defendant used these documents to operate and manage her business. She also used these documents to prepare her taxes.

Defendant knowingly withheld the Excel ledger and the IRS documents from plaintiff. Given the extent to which the defendant used these documents to operate and manage her business and prepare her taxes, no doubt defendant knew that she had possession or control of these documents. Plaintiff's testimony that defendant never produced these documents despite repeated requests is not rebutted. Plaintiff's testimony on this point is credible and the court believes it.

Defendant also fraudulently withheld the Excel ledger and the IRS documents from plaintiff. Fraudulent intent under § 727(a)(4)(D) may be established by circumstantial evidence, or by

inferences drawn from a course of conduct. Hansen v. Moore (In re Hansen), 368 B.R. 868, 877 (9th Cir. BAP 2007). In other words, the requisite fraudulent intent "can be established with circumstantial evidence such as when a debtor's conduct is evasive or persistently uncooperative or a debtor fails to explain his noncompliance with an order directing him to produce documents." In re Friedberg, 516 B.R. 205, 212 (Bankr. D. Conn. 2014); see also In re Young, 346 B.R. 597, 615-16 (Bankr. E.D.N.Y. 2006).

Defendant's unexplained failure to give plaintiff the Excel ledger and the IRS documents despite plaintiff's repeated requests for these documents is evasive and persistently uncooperative conduct. As such, there is sufficient circumstantial evidence to establish that defendant withheld records concerning her financial affairs from plaintiff with the fraudulent intent necessary to deny defendant a discharge under § 727(a)(4)(D). Plaintiff's objection to defendant's discharge on this basis will therefore be sustained, judgment will be entered for plaintiff and against defendant on the Fifth Claim for Relief, and defendant's discharge will be denied.

## IV.

### Conclusion

Based on the foregoing, defendant's chapter 7 discharge is **DENIED**.

A separate judgment will issue.

Dated: August 6, 2024.

UNITED STATES BANKRUPTCY JUDGE

- 7 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

J. Russell Cunningham
1830 15th St
Sacramento CA 95811

John G. Downing
10075 West River Street Suite 205
Truckee CA 96161